UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL FLYNN TRUSS,

                Petitioner,                  Case No. 1:12-cv-251

v.                                         Honorable Robert J. Jonker

CINDI S. CURTIN et al.,

                Respondents.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner Earl Flynn Truss presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility. Petitioner was convicted of a federal offense in 1988, for which he was sentenced to 49 months' imprisonment and a four-year term of supervised release.  In 1992, after he had been placed on supervised release for his federal offense, Petitioner committed two counts of armed robbery, MICH. COMP. LAWS § 750.529, to which he pleaded guilty.  On May 12, 1992, Petitioner was sentenced to two prison terms of 8 to 20 years for the armed-robbery offenses.  The offenses also constituted a violation of Petitioner's federal supervised release, but the federal government deferred enforcement of its supervised-release violation to permit Petitioner to first serve his Michigan prison term.

On August 12, 2005, Petitioner was paroled from the MDOC to federal custody, so that he could serve the period of incarceration imposed because of his violation of federal supervised release.  The state parole order imposed a two-year period of parole, and it required that, if released from federal custody before the expiration of his state parole term, Petitioner would report to his state parole officer immediately.  A couple of months before his release from federal prison, Petitioner and federal authorities asked the state authorities for a certificate of discharge from his state parole, but Petitioner received no answer.  In September 2007, Petitioner was sent to a federal half-way house.  Seven months later, in March 2008, Petitioner was contacted by state parole agent George Murphy, who informed Petitioner that the Michigan Parole Board had extended his parole until August 2018.  In 2009, while he was still on extended parole, Petitioner once again committed armed robbery, and his parole was revoked.  After he pleaded guilty to the offense, Petitioner was

-2-

sentenced on February 11, 2010 to a new prison term of 15 to 40 years. Under state law, because Petitioner was on parole at the time of the 2009 offense, his 2010 sentence was required to be served consecutively to the parole violation sanction. *See* MICH. COMP. LAWS § 768.7a(2).

On August 2, 2011, Petitioner filed a complaint for habeas corpus relief in the Manistee County Circuit Court, alleging that his parole was extended in 2007 without due process of law and in violation of Michigan Department of Corrections policy and state law. He also argued that parole was extended after August 12, 2007, the date on which his two-year parole term expired and, allegedly, when the state lost jurisdiction over him.

After requiring the state to file a responsive brief, the circuit court denied the complaint for habeas relief on December 21, 2011. Petitioner then filed the instant habeas petition, raising the same claim presented in the Manistee County Circuit Court, on March 15, 2012.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner alleges that he presented his claim to the Manistee County Circuit Court. Petitioner, however, has not sought leave to appeal the denial of the writ to either the Michigan Court of Appeals or the Michigan Supreme Court.  His claim therefore has not been fairly presented to all levels of the state appellate system.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a delayed application for leave to appeal to the Michigan Court of Appeals within six months of the December 21, 2011 order, or until June 21, 2012. *See* Mich. Ct. R. 7.205(F); *Wem v. Mich. Dep't of Corr.*, No. 297618, 2011 WL 2651858 (Mich. Ct. App. July 7, 2011).  Petitioner may thereafter seek leave to appeal to the Michigan Supreme Court.  The Court therefore concludes that Petitioner has at least one available state remedy.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds,

a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:   April 30, 2012        /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE